WILLIAM H. SNYDER *v.* SAMUEL W. GOODRICH, and others.

A District or Justice's Court in the city of New York has no jurisdiction in an action, when neither the plaintiff nor either of the defendants resides within the district. No valid judgment can be rendered, although the parties appear and go to trial on the merits, without objection.

The 103d section of the act to reduce, &c., (2 Rev. Laws, 379,) declares that a judgment rendered in such a case shall be *utterly void*.

The general rule, that a party may voluntarily appear and waive a defect in the jurisdiction of the person only, cannot operate when the statute declares the judgment itself void.

The statute relating to the Marine Court (2 Rev. Laws, 383, § 111) in express terms confers jurisdiction on that court, upon a voluntary submission of the parties; but § 111 does not apply to the Justices' Courts.

APPEAL by the defendants from a judgment rendered in favor of the plaintiff in the Third District Court. The facts bearing upon the points decided are given in the opinion.

*Edmund Terry*, for the appellants.

*Wm. C. Carpenter*, for the respondent.

BY THE COURT. WOODRUFF, J.—The 103d section of the act to reduce the laws relating to the city of New York into one act, (2 Rev. Laws, 379,) enacts unqualifiedly that every judgment in an action before one of the assistant justices, not prosecuted before the justice for the ward in which either plaintiff or defendant resides, at the time of the commencement of the action, *shall be utterly void.*

It is shown, and not denied, in this case, that the plaintiff resided without the district of the justice who tried the cause, and that one defendant resided out of this state, and the other not within the said district.

This being the case, I can see no ground upon which the judgment can be sustained. The statute declares the judgment utterly *void.*

It is not a question whether the justice had jurisdiction of the person. He had no jurisdiction to try the action or to render any judgment.

The case of *Robinson* v. *West*, 1 Sandf. 19, has no application to this case. The statute relating to the Marine Court (2 Rev. L. 383, § 111) in express terms confers jurisdiction on that court upon a voluntary submission of the parties; but that section does not apply to the Justices' Courts—and the general rule, that a party may voluntarily appear and waive a defect in the jurisdiction, which relates to jurisdiction of the person only, cannot operate when the statute declares the judgment itself void.

This judgment must be reversed; and as we have, in such case, no discretion as to the costs, the reversal must be with costs.

Judgment reversed.